# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*, <br> *ex rel.* WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> RECKITT BENCKISER, INC., *et al.*, <br><br> Defendants. | Civil Action No. 1:13-CV-00036 |
| UNITED STATES OF AMERICA *et al.*, <br> *ex rel.* FINKELSTIEN, <br><br> Plaintiffs, <br><br> v. <br><br> RECKITT BENCKISER PHARM. INC., *et al.* <br><br> Defendants. | Civil Action No. 1:14-CV-00059 |
| UNITED STATES OF AMERICA *et al.*, <br> *ex rel.* LEMONS, <br><br> Plaintiffs, <br><br> v. <br><br> RECKITT BENCKISER GROUP PLC, *et al.*, <br><br> Defendants. | Civil Action No. 1:15-CV-00016 |

## **MOTION TO EXTEND STAY**

On October 30, 2018, the Court consolidated these three *qui tam* actions filed under the

False Claims Act (FCA), 31 U.S.C. § 3730.  The Court has ordered that the United States file its complaint-in-intervention by April 12, 2019, the individual states file their complaints-in-intervention by May 13, 2019, and all plaintiffs serve their complaints by June 12, 2019.  On April 9, 2019, a federal grand jury sitting in this District indicted Indivior Inc. (formerly known as Reckitt Benckiser Pharmaceuticals Inc.) and Indivior PLC for engaging in an illicit nationwide scheme to increase prescriptions of Suboxone Film, an opioid drug used in the treatment of opioid addiction.  *See United States v. Indivior, Inc.*, 19-cr-16-JPJ-PMS (W.D. Va.) (the "Criminal Action").  The United States respectfully requests that the Court extend the stay of these consolidated *qui tam* actions until 60 days after the conclusion of proceedings in the Western District of Virginia in the Criminal Action.

This Court has discretion to stay proceedings in one suit until a decision has been made in another involving the same parties.  *See Landis v. North Am. Co.*, 299 U.S. 248 (1936); *cf. In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2000) (relying on *Landis* for District Court's inherent authority to grant stay).  Stays of proceedings are particularly appropriate where the government requests the stay to avoid conflict with an ongoing criminal investigation.  *See, e.g., United States v. U. S. Currency*, 626 F.2d 11, 17 (6th Cir. 1980); *United States v. Pinnacle Quest Intern.*, Case No. 3:08cv136, 2008 WL 4274498, at *1 (N.D. Fla. Sept. 11, 2008) ("[I]t is unquestioned that this court has the power to stay a civil proceeding due to an active, parallel criminal investigation."). A stay of the civil case pending resolution of criminal proceedings is common in health care fraud cases, where the United States frequently pursues parallel criminal and civil actions.  *See, e.g., U.S. ex rel. McNutt v. Haleyville Med. Supp.*, 423 F.3d 1256, 1258 (11th Cir. 2005) (noting District Court ordered stay of civil discovery); *United States ex rel. Sarasola v. Aetna Life Ins. Co.*, 319

F.3d 1292, 1298 (11th Cir. 2003) (same, based on United States' unopposed motion to stay). Accordingly, the stay sought by the government is a matter within the Court's discretion.

This Court should exercise its discretion to stay these consolidated *qui tam* actions to avoid prejudice to the Criminal Action. Reckitt Benckiser Pharmaceuticals Inc. (now Indivior Inc.) is a named defendant in each of these consolidated *qui tam* actions, and the facts, witnesses, and evidence critical to both the Criminal Action and the consolidated *qui tam* actions are closely related and in some respects are nearly identical. A stay in these proceedings would not unduly prejudice Defendants in these consolidated actions and would conserve the time and resources of the Court as well as the parties to this action. Moreover, allowing the Criminal Action to go forward has the potential to resolve some of the disputed issues in these *qui tam* actions pursuant to the estoppel provision of the FCA. *See* 31 U.S.C. § 3731(e). Accordingly, it will promote judicial economy and reduce litigative time and expense to stay these consolidated civil actions.

For the foregoing reasons, the United States respectfully requests that the Court extend the stay in these consolidated civil actions until sixty (60) days after the completion of proceedings in the Western District of Virginia in the Criminal Action. The individual plaintiff states and the relators do not oppose this request.

Dated: April 11, 2019

Respectfully submitted:

**JOSEPH H. HUNT**
Assistant Attorney General

**DANIEL BUBAR**
Attorney for the United States
Acting Under Authority Conferred
by 28 U.S.C. § 515


By: */s/ Sara Bugbee Winn*
Sara Bugbee Winn
Assistant U.S. Attorney
Western District of Virginia
United States Department of Justice
Post Office Box 1709
Roanoke, VA
(540) 857-2913
Sara.Winn@usdoj.gov

Michael D. Granston
Jamie A. Yavelberg
Edward C. Crooke
Attorneys, Civil Division
United States Department of Justice
P. O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 353-0426
Edward.Crooke@usdoj.gov

Attorneys for the United States

# CERTIFICATE OF SERVICE

I certify that upon entry of the proposed Order in this case, this motion and the Order shall be served by email upon counsel for the Relator as follows:

| | |
|---|---|
| John P. Leader, Esq.<br>The Leader Law Firm<br>john@leaderlawaz.com | James Shoemaker, Jr.<br>Patten, Wornom, Hatten & Diamonstein, LC<br>jshoemaker@pwhd.com |
| Charles Rabon, Esq.<br>Rabon Law Firm<br>crabon@usfraudattorneys.com | Mark T. Hurt<br>Law Office of Mark T. Hurt<br>mark@markhurtlawfirm.com |
| Kenny Yoffy, Esq.<br>Yoffy and Turbeville, P.L.C.<br>kyoffy@mac.com | Abram J. Zinberg<br>Zimberg Law Firm<br>AbramZinberg@gmail.com |
| | William K Hanagami<br>The Hanagami Law Firm<br>billhanagami@esquire.la |

Pursuant to 31 U.S.C. § 3730(b)(2), the matter is under seal and, therefore, Defendants will not be served with this pleading.

                                                               /s/ Sara Bugbee Winn
                                                               Sara Bugbee Winn
                                                               Assistant United States Attorney